# Hardaway-Wright Co. *v*. Bradley Bros.

## *Assumpsit.*

(Decided Nov. 19, 1909. 51 South. 21.)

1. *Damages; Breach of Contract; Evidence.*—Where the action was for the breach of a contract to grade a certain part of a railroad road-bed, and it was alleged that plaintiff had provided itself with equipment and had taken it to the place of performance and were first delayed and finally prevented from doing so, and damages for the value of the use and hire of the outfit was claimed, the measure of their damages was either, the value of such use or hire, or the profits that would have been realized out of the contract. Plaintiff might prove both and the defendant could protect himself by an instruction that both could not be recovered.

2. *Same.*—Expenses required for the keeping of plaintiff's outfit idle because of defendant's failure to comply with its contract where plaintiff was finally prevented from doing the work on account thereof, were a proper element of damages.

3. *Same; Instruction.*—Since both expenses and profits cannot be recovered for in an action for the breach of the contract, the court cannot instruct for the recovery of either.

4. *Evidence; Profit; Conclusions.*—A witness should be confined to a statement of fact showing what it would cost to do the work on the contract, and should not be permitted to say what plaintiff's profit would have been had he been allowed to perform the contract.

5. *Same; Relevancy; Other Facts; Damages.*—The fact that on a certain date one of the parties left the place where plaintiffs were at work to attempt to collect for work done and to get the time extended for completing the work, did not warrant the presumption or conclusion that plaintiff's outfit was kept idle during that time

[Hardaway-Wright Co. v. Bradley Bros.]

by the defendant, so as to render admissible, on the question of damages, evidence as to the reasonable value of the use and hire of the outfit during that period.

6. *Contracts; Modification; Time of Performance.*—Where the original contract did not specify any particular date when the work was to commence, but provided only that the work was to begin as soon as possible and be concluded by a given date, an agreement that during defendant's delay in getting that part of the road ready for the plaintiff, plaintiff should work on another portion, did not alter the original contract as to the time of beginning and completing the work originally contracted for, although if plaintiff had proceeded on that portion and had been unable to complete it within the specified time because of defendant's delay, they might have been excused from liability for not completing the contract within the time.

7. *Same; Jury Question.*—While the jury is to decide whether or not certain facts were proven, it is a question of law for the court as to whether such facts amount to an alteration or modification of the contract, since the construction of a contract is for the court.

8. *Same; Abandonment or Modification.*—The fact that the persons contracting to grade a portion of a railroad were put to work by the agent of the party with whom they had contracted at another place, and worked there thinking that they were working on the portion contracted for, does not amount to an abandonment or modification of the original written contract.

9. *Same; Performance of Lien; Burden of Proof.*—Where the contract provided that 15 per cent. of the contract price should be retained and not paid until proper proof was made that all liens on the property for work done or material furnished had been fully paid or secured, the 15 per cent. so retained was not recoverable without proof that all liens, etc., were paid or discharged.

10. *Same; Breach; Instruction.*—Where the contract provided that 15 per cent. of the contract price was to be retained and not paid until it was shown that all liens, etc., had been paid or secured, a charge asserting that if no proof had been made of the payment or security of such liens then defendant should recover, was properly refused, since the failure of such proof would affect only the 15 per cent. retained, but would not affect any other amount due under the contract.

APPEAL from Chambers Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Bradley Bros. against Hardaway-Wright Company. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The following charges were requested by the defendant and refused: (3) "If the jury believe all the evidence, the plaintiffs cannot recover the 15 per cent. re-

tained under the contract." (4) "If the jury believe all the evidence, you must find for the defendant on the claim for damages for alleged delay up to the 12th day of October, 1907." (7) "If the jury believe from all the evidence that the plaintiffs have failed to make proper proof to the defendant that all subcontractors, laborers, materialmen, and all persons who might have a lien on plaintiff's property for work done or for materials furnished for the plaintiffs for carrying out their contract had been fully paid, or their claims satisfactorily secured, then your verdict will be for the defendant on count 3 of said complaint."

BARNES & DENSON, and R. E. L. COPE, for appellant. —The court erred in permitting to be shown the reasonable value of the use and hire of the outfit of plaintiff for ten days or during the absence of one of the parties.—*Watson v. Kirby*, 112 Ala. 436. The court erred in allowing witness to testify as to what profits plaintiff would have made if they had been permitted to do the work on mile 16.—*M. & W. Co. v. Varner*, 19 Ala. 185. The witness should have stated what it would cost to do the work, and the difference between that and the contract price could be drawn by the jury.— Authorities supra, and *Holmes v. Brownlee*, 63 Ala. 277; *Andrews v. Jones*, 10 Ala. 460; *Ivey v. McQueen*, 17 Ala. 408; *Young v. Cureton*, 87 Ala. 727. Counsel discuss charges given and refused, but without further citation of authority.

E. M. OLIVER, and HINES & FULLER, for appellee.— No brief came to the Reporter.

SIMPSON, J.—This is an action by the appellees against the appellant to recover damages for the breach of a contract by which the plaintiffs agreed to grade

the roadbed of a certain part of a railway; it being
claimed by the plaintiffs that after they had at great
expense provided themselves with the necessary teams,
laborers, and equipment, and had taken them to the
place of performance, plaintiffs were first delayed a
considerable time, with their teams, etc., on expense,
and were finally prevented from carrying on the work,
by reason of the fact that the defendant had not secur-
ed the right of way, nor surveyed and staked out the
route, etc., and plaintiffs were forced to sell out their
teams, etc., at a great sacrifice. One of the counts of
the complaint claims for $536 for work done in accord-
ance with the contract.

One of the plaintiffs, F. M. Bradley, being examined
as a witness, testified that his brother had come from
Atlanta, Ga., at the appointed time, with the teams,
equipment, etc., and notified the defendant of his read-
iness to commence on the work in accordance with the
contract, but that, by reason of the failure of the de-
fendant to make the preparations for the work in ac-
cordance with the contract (stating the details), plain-
tiffs' laborers, teams, etc., were kept unemployed for
10 days. He was then asked: "What was the reason-
able value of the use and hire of your outfit for said
10 days?" This question was objected to by the defend-
ant, and the objection overruled, which action of the
court is made the subject of the first assignment of er-
ror insisted on. There was no error in the overruling
of said objection. This item of damage was distinctly
claimed in the complaint, the witness had testified to
the delay, and the proper measure of damage was the
value of the use or hire of the outfit for that time, or
the profits that would have been realized out of the
contract. The plaintiffs may prove both, and the de-
fendant may protect himself by a charge to the effect

that both are not recoverable.—13 Cyc. 159, 160, 161; *Watson v. Kirby & Sons,* 112 Ala. 436, 446, 20 South. 624; *Worthington & Co. v. Gwin,* 119 Ala. 44, 51, 24 South. 739, 43 L. R. A. 382.

The court erred in overruling the objection by the defendant to the question to the witness F. M. Bradley, "If the plaintiffs had been allowed to do the construction work on mile 16, what profits would plaintiffs have realized?" This question called for a conclusion, which should be drawn by the jury, and not by the witness. The witness should testify to the facts going to show what it would cost to do the work, and by comparing this with the amount which was to be paid to plaintiffs for the work the jury should be left to reach the conclusion as to how much plaintiffs would have realized if they had been allowed to proceed with the work.— *Danforth & Armstrong v. T. C., I. & R. R. Co.,* 93 Ala. 614, 620, 11 South. 60; *U. S. v. Behan,* 110 U. S. 338, 344, 4 Sup. Ct. 81, 28 L. Ed. 168.

The court erred in overruling the objection to the question to the witness M. J. Bradley, "What was the reasonable value of the use and hire of said teams and outfit from the 13th of November to the 23d of November, 1907?" The only facts testified to by the witness on this point were that on November 13th he left the camp where plaintiffs were working and went to West Point, Ga., to try to collect for work done, and to get the time extended for completing the work on mile 16; that he could not get the pay for work done and time lost, and that they quit work on November 23d, because the stakes were changed and they were not paid for the work. These facts would not warrant the conclusion that from the 13th to the 23d of November the teams and outfit were kept idle by any act of the defendant.

[Hardaway-Wright Co. v. Bradley Bros.]

The court instructed the jury that "if the jury believe, from the evidence, that the plaintiffs accepted work on mile 15 until 16 was ready, and without any intention by the plaintiffs and defendant of modifying or altering the original contract, then the mere fact of accepting said work would not be an alteration of the original contract." There was no error in this charge. The question of the construction and effect of contracts is a matter for the court, and it is also for the court to decide whether or not certain facts amount to an alteration or modification of a contract, while the jury must decide whether or not these facts are proved. The evidence of the defendant is merely that, as it had not been able to get mile 16 in a condition for plaintiffs to continue work thereon, it was agreed that during this delay plaintiffs would work on mile 15. The original contract did not specify any particular date when work was to commence on mile 16, but only that it was to commence "as soon as possible," and it would not be possible to commence work until the defendant had gotten that part ready, so that this agreement did not alter that part of the contract. Neither did it alter the remaining provision of the contract that the work was to be completed by the 15th of January, 1908, though, if plaintiffs had gone on with the contract on mile 16, and had been unable to complete it within that time, by reason of the delay caused by the defendant, it might have excused the plaintiffs from liability for not completing the work within the time.

There was no error in charging the jury that "if the jury believe that plaintiffs went to work on mile 15, without knowing that it was mile 15, but believing that it was the mile that they contracted for, this would not constitute a modification or abandonment of the contract." The evidence on this point was that, when plaintiffs reported for work, the agent of defendant

put them to work on a part of mile 15, and they continued to work there for several days, thinking that they were working on mile 16. It requires no argument to show that the mere working at another point, by mistake, could not amount to an abandonment or modification of the original written contract.

Charge 3, requested by the defendant, should have been given. The contract provided that the 15 per cent. retained by the defendant should not be paid until proper proof was made "that all subcontractors, laborers, materialmen, and all persons, who might have a lien on said Bradley Brothers' property for work done for, or for material furnished for, said Bradley Brothers for the carrying out of this contract have been fully paid, or their claims satisfactorily secured." There was no proof in regard to these matters, and consequently the 15 per cent. was not recoverable.

There was no error in the refusal to give charge 4, requested by the defendant. Besides being in bad form, if plaintiffs were kept on expense up to the 12th day of October, on account of the defendant's failure to comply with its part of the contract, those expenses were a proper subject of damages to be considered by the jury; but, as they could not recover both expenses and profits, the court could not instruct for a recovery of either. See authorities supra.

There was no error in the refusal to give charge 7, requested by the defendant. Besides being in bad form, the failure to prove the matters therein mentioned would affect only the 15 per cent. reserved, and not the entire claim for work done in count 3.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, J.J., concur.