(88 South, 837)

Ex parte PATRICK. (1 Div. 176.)

(Supreme Court of Alabama. May 12, 1921.)

1. Contracts ⬦⬦176(1)—Writings to be construed by the court.

In an action involving the construction of an agreement in writing, the writings must be construed by the court, and it must charge the jury as to its meaning and legal effect, and in its construction ascertain and declare the intention of the parties.

2. Appeal and error ⬦⬦1215—Construction of agreement by court on appeal to be included in instructions to jury.

Where Supreme Court on an appeal construed an agreement evidenced by writing, the trial court on a second trial should have given requested instructions in harmony therewith.

3. Contracts ⬦⬦28(1)—Burden on plaintiff to show agreement evidenced by writings.

In an action based on a contract evidenced by letters and a telegram, the burden is on the plaintiff to show such agreement. ,

Certiorari to Court of Appeals.

Certiorari by R. W. Patrick, as administrator, etc., to the Court of Appeals to review and revise the judgment and decision of the said court rendered in the case of R. W. Patrick, as administrator, against the W. B. Patterson Lumber Company and others, 89 South. 100. Writ granted. Reversed and remanded.

Roach & McConnell, of Mobile, for appellant.

After discussing the jurisdiction of the Court of Appeals to entertain the 'appeal in this case, counsel insist that is a clear case in which the Court of Appeals refused to be guided or controlled by the law as laid down in prior decisions of the Supreme Court, as is required by the statute. 202 Ala. 363, 80 South. 445. A contract was for the court and not for the jury to construe. 104 Ala. 412, 16 South. 1; 115 Ala. 396, 22 South. 442; 66 Ala. 360; 62 Ala. 230; 66 Ala. 310.

Armbrecht, Johnston & Mitchell, of Mobile, for appellee.

Defendant being a purchaser for value without notice, plaintiff could not recover on an implied contract. 120 Ala. 59, 24 South. 1; 67 Ala. 237. Assuming that there was an expressed contract, plaintiff could not recover for the same reason. 165 Ala. 655, 51 South. 936; 25 Ala. 440; 85 Ala. 127, 4 South. 771; 13 C. J. 311, 321. The letters were ambiguous, and it was a question for the jury whether or not there was an expressed contract. 2 Ala. 131; 28 Ala. 321; 58 Ala. 636; 66 Ala. 398; 112 Ala. 436, 20 South. 624.

MILLER, J. This case comes to this court on petition for writ of certiorari to the Court of Appeals by the plaintiff below, appellant here. This is its second appearance in this court. It came before on direct appeal by defendant. Paterson v. Patrick, 202 Ala. 363, 80 South. 445.

[1] It involves the construction of an agreement between plaintiff's intestate and the defendant as to payment of stumpage on

lumber, due plaintiff by one C. L. Williams, who sells the lumber to defendant. Plaintiff's intestate forbids defendant from moving the lumber until his stumpage lien is paid or satisfactorily settled. The contract or agreement is evidenced by letters written by plaintiff's intestate, C. T. Ezell, to the defendant, and the defendant's telegram and written reply. All of it is in writing. It must be construed by the court, and not left to the jury for them to determine its meaning. The court must charge the jury as to its meaning and legal effect, and in its construction to ascertain and declare the intention of the parties. Elec. Lighting Co. v. Elder Bros., 115 Ala. 138, 21 South. 983; Evington Bros. v. Smith, 66 Ala. 398; Hardaway-Wright Co. v. Bradley Bros., 163 Ala. 596, 51 South. 21.

On the former appeal this court construed and declared the meaning of this contract and the intention of the parties. It reads as follows:

"Ezell's letter to the defendant claimed no back stumpage, but clearly indicated that it related only to the timber constituting the shipment in question. It says: 'I have explained to Mr. Williams that I am not willing for the lumber to be moved until the stumpage was paid.' Again: 'This is to advise you that the stumpage on this timber has not been paid, and to advise you not to move it off the premises until the stumpage has been paid or the matter is adjusted in a satisfactory manner.' The defendant's letter in reply, and upon which Ezell acted, did not agree to pay all stumpage due by Williams and upon other timber, but was confined to the stumpage upon this particular timber. The letter says:- 'As indicated in my telegram, just as soon as this lumber has been shipped and tallied so I can get at the number of feet, I will agree to pay you whatever stumpage I may owe you on this.' This correspondence shows that the defendant only agreed to answer for stumpage that he might owe on this particular lumber, and the defendant did not thereby undertake to assume the payment of all stumpage due from Williams to Ezell for other timber."

By this the defendant agreed to pay plaintiff's intestate the amount of his stumpage lien on the lumber he received from Williams' millyard after the above correspondence, and not for any lumber received prior to that time.

Did the court below and the Court of Appeals follow that interpretation of the contract? We think not.

The plaintiff requested the court in writing to give separately and severally the following written charges:

"(3–A) I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this cause that there was stumpage due on the last lot of lumber that was removed from the Lott's Ferry place, and if you are further reasonably satisfied that C. T. Ezell allowed W. B. Patterson to remove said lumber from said place on Patterson promising to pay this stumpage, then you must find for the plaintiff for the amount of this stumpage, with interest thereon from the date of this stumpage, payable under the said contract."

"(6) I charge you, gentlemen of the jury, that the letter dated October 29, 1915, by C. T. Ezell to W. B. Patterson, together with the replies thereto, consisting of a telegram dated November 1, 1915, and a letter of same date, both by W. B. Patterson to C. T. Ezell, constitute a valid contract by and between C. T. Ezell and W. B. Patterson.

"(7) I charge you, gentlemen of the jury, that if the lumber on which it is claimed the stumpage was unpaid was on the land known as the Lott's Ferry place at the time the letter of October 29, 1915, and the telegram of November 1, 1915, and the letter of same date between C. T. Ezell and W. B. Patterson were sent, then if C. T. Ezell, depending on the promises contained in said letter and telegram, let Patterson remove the said lumber from said place and sell it, then Patterson is estopped to deny Ezell's right to such stumpage as was then due on said lumber."

The court below refused to give each of the charges, and the presiding judge wrote "Refused" on each and signed his name thereto. The Court of Appeals held that these charges were not good, and affirmed the case.

[2] These three charges are in full harmony and accord with the construction of the agreement between Ezell and the defendant, evidenced by written correspondence, as declared by this court, and they should have been given. They correctly pronounce the law to the jury.

[3] The burden is on plaintiff to show the agreement evidenced by the letters and telegram. Then the next inquiry is: How much lumber, if any, on which plaintiff had lien for stumpage, did the defendant receive from Williams' mill after this correspondence? Then the next question: How much stumpage did Williams owe, if any, to plaintiff on that lumber received by the defendant after the correspondence?

The testimony of witnesses that will enable the jury to answer these simple questions will furnish them facts to calculate exactly the amount due, if any, to the plaintiff by the defendant.

Writ granted. Reversed and remanded to Court of Appeals.

All the Justices concur.