ALPHONSE G. KAUFMANN, Appellant, *v.* EDWARD C. DELAFIELD, Respondent.

First Department, June 15, 1928.

*Hugo Wintner* of counsel [*Maurice V. Seligson* and *Gustave B. Garfield* with him on the brief; *Garfield & Seligson*, attorneys], for the appellant.

*Martin Conboy* of counsel [*George N. Hamlin* and *David Asch* with him on the brief; *Rushmore, Bisbee & Stern*, attorneys], for the respondent.

PER CURIAM. Under the favorable inference rule upon a nonsuit we must find that there was sufficient proof of a cause of action for fraudulent representations made out against defendant, which, undenied, would justify a recovery. This was properly so held at the trial. The cause was dismissed because of an alleged lack of damage proof, as the court viewed the evidence. We think that a sufficient showing of damage appeared to make a question for the jury as to its amount. Certainly a ruling that since plaintiff bought at market, he might also have immediately or soon thereafter sold at market for the same price and thus have suffered no loss, missed the point of the plaint of wrong. The claim was based on an inducement to retain. The original misrepresentation is deemed as continuing and the influence of the fraud as recurring (and here there was reassurance of promised values), so that the defrauded one may sue for damages occasioned by his own inaction even though he had no predetermined notion of selling.

Plaintiff proved without objection, although he had not pleaded such facts, that he purchased this stock for investment and that he pledged various so-called investment stocks for the loan with which he made his largest purchase of these shares. He would then come within the rule that his loss would be measured by " the difference between the price he paid [for the stock] and the value of what he received when put to the use contemplated by the purpose " (of investment). (See *Hotaling* v. *Leach & Co.*, 247 N. Y. 84.) The loss sustained may thus be traced to

original and recurring misrepresentations of the character of the investment which defendant induced. The defendant must have intended that plaintiff would hold this stock so long as defendant assured him of its value and was believed, as a continuing investment. The deceit was effective in controlling his intent to sell when he himself saw some of the promises unfulfilled. The loss was the difference between the amount invested through the inducement of the fraud and the value of the stock after the buyer was apprised of defendant's repudiation of his statements of inducement whereupon the influence of fraud ceased to operate.

To find this latter value, the market price then realizable is a fair indication of " How much worse off is the plaintiff than if he had not bought the shares? "

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — DOWLING, P. J., MERRELL, McAVOY and O'MALLEY, JJ.; MERRELL, J., dissents.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.