Danco Enters., LLC v Livexlive Media, Inc. (2022 NY Slip Op 05589)

Danco Enters., LLC v Livexlive Media, Inc.

2022 NY Slip Op 05589

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 651538/18 Appeal No. 16367 Case No. 2021-04373 

[*1]Danco Enterprises, LLC, et al., Plaintiffs-Respondents,
v
Livexlive Media, Inc., Formerly Known as Loton Corp., et al., Defendants-Appellants, Alec Ellin et al., Defendants.

Law Offices of Steven D. Isser, New York (Steven D. Isser of counsel), for appellants.
Schlam Stone & Dolan LLP, New York (Joshua Wurtzel of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered November 17, 2021, which, insofar as appealed from, denied defendants LiveXLive Media, Inc., f/k/a Loton Corp., LiveXLive Tickets, Inc., and Robert Ellin's motion for summary judgment dismissing the first and second causes of action, unanimously reversed, on the law, with costs, and the motion granted.
Defendants are entitled to summary judgment because plaintiffs failed to show the "out of pocket" damages required for a fraud claim (see e.g. Kumiva Group, LLC v Garda USA Inc., 146 AD3d 504, 506 [1st Dept 2017]). Plaintiffs failed to submit evidence of the value of the Loton stock they received as of July 2016 (for the subscription agreements) and May 2017 (for the APA) (see id. at 507).
Plaintiffs quote Spectra Audio Research, Inc. v Chon (62 AD3d 561, 564 [1st Dept 2009]) and Fresh Del Monte Produce N.V. v Eastbook Caribe A.V.V. (40 AD3d 415, 421 [1st Dept 2007]) for the proposition that an approximation of damages suffices. However, neither of those cases involved the out-of-pocket fraud rule (see 62 AD3d at 562 [negligence]; 40 AD3d at 415 [breach of contract]).
Plaintiffs also rely on Hotaling v Leach & Co. (247 NY 84 [1928]), Kaufmann v Delafield (224 App Div 29 [1st Dept 1928]), and Continental Ins. Co. v Mercadante (222 App Div 181 [1st Dept 1927]). However, the latter two cases are "holder" cases (see 224 App Div at 30-31; 222 App Div at 183), and Hotaling was also, in part, a holder case (see 247 NY at 92, 87 ["The effect of the representations of the defendants did not cease with plaintiff's purchase. He continued to hold the bond for investment in accordance with the defendant's recommendation;" "The damages awarded must represent the loss which the plaintiff sustained through the purchase and continued ownership of the bond"]). The instant action is not a holder case.
Furthermore, in Hotaling, the Court of Appeals "rejected a measure of damages based on the market value of the bond when the plaintiff purchased it, explaining that such value could not be determined and would have left the plaintiff without any remedy" (Continental Cas. Co. v PricewaterhouseCoopers, LLP, 15 NY3d 264, 271 [2010]). By contrast, the deposition testimony of plaintiff Joseph Schnaier (the managing member of plaintiff Wantmcs Holdings, LLC; the president, CEO, and sole owner of plaintiff Danco Enterprises, LLC; the president, CEO, and 90% beneficial owner of plaintiff Wantickets RDM, LLC; and a licensed, registered broker for more than a decade) implies that the value of Loton stock as of July 2016 and May 2017 could be calculated by an expert in valuation (see Continental, 15 NY3d at 271 ["plaintiffs could have come forward with . . . valuations showing the amount of the claimed overvaluation of the portfolio on the day of their respective investments"]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October [*2]6, 2022