D. O. HAYNES AND COMPANY vs. WILLIAM F. NYE.

Bristol.    October 27, 1903. — May 18, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Contract*, Damages.

A dealer in oils made an agreement in writing with the publisher of a newspaper
to pay a certain sum of money for the publication of " our advertisement " in
the newspaper once a week during a period named.   He failed to furnish the
advertisement when requested to do so and forbade the publisher to publish a
certain old advertisement of the dealer from another newspaper advertising
among other things certain articles which the dealer then did not have for sale.
The dealer although often requested failed to furnish the new advertisement and
the publisher published the old advertisement during the period covered by the
contract and sued the dealer in contract, with a count for breach of contract and
another count for the contract price of the advertising.  *Held*, that the defendant
committed a breach of his implied agreement to furnish an advertisement to be
inserted in the plaintiff's newspaper and was liable in damages, which should
include the profits that the plaintiff might have made under the contract, that
the burden was on the plaintiff to prove his damages, and, if he introduced evi-
dence that the damage would be the contract price, the jury would be warranted
in assessing damages for that amount but would not be bound to do so, and it
would be error to instruct the jury that as matter of law they should assess the
damages at the contract price, performance of the contract by the plaintiff hav-
ing been made impossible by the defendant.

KNOWLTON, C. J.   The plaintiff corporation is the proprietor
of a newspaper called the New York Commercial, published in
the city of New York, and it made a contract in writing with the
defendant as follows:

"$300.00.   New Bedford, Oct. 25, 1900.   D. O. Haynes and
Co., Publishers, New York.   Please insert our advertisement in
the New York Commercial, to occupy the space of four inches
and to be inserted one time a week for twelve months, beginning
with issue of Dec. to Jan. 1, 1900 for which I agree to pay you
three hundred dollars in monthly payments.   Name, William F.
Nye.   Full address, New Bedford, Mass.   Business, Oil Man'fr.
Agent.   J. E. Sullivan."

The plaintiff, at the time, accepted the order through its agent
Sullivan, who forwarded to it the writing, and it entered upon
the performance of the contract.   The defendant was a dealer
in oils, and it was understood that he could change the advertise-

ment or copy at any time, as often as he chose. Sullivan had with him a copy of an advertisement which the defendant previously had published in another newspaper, and he told the defendant that he could send such copy as he desired to have published, and if no copy was received before the time for publication the plaintiff would publish the copy which the agent had with him. The defendant had previously told the agent that he did not wish to have that advertisement published, as he did not then have for sale some of the articles mentioned in it. Before the first publication of the advertisement the defendant notified the plaintiff by letter not to publish the advertisement, and he failed to furnish the plaintiff any copy for publication, although often requested to do so. The plaintiff published this advertisement for nine months, against repeated objections by the defendant. The declaration is in three counts, the first to recover damages for the breach of the contract, the second to recover the contract price for the performance of the contract, and the third upon an account annexed.

The defendant asked the court to rule, " That the plaintiff had no claim against the defendant except by virtue of the contract, and had no right to furnish the copy for advertisement, and its only remedy was for damages for breach of the contract." Also, " That the publication of the copy supplied by it, against the protest of the defendant, was not such a substantial performance of the contract on the part of the plaintiff as would entitle it to recover for such publication." The judge declined to give these instructions, but instructed the jury that if, after the defendant's refusal to furnish an advertisement, the plaintiff did, in good faith, go ahead and do the best it could to carry out the contract, then it is entitled to recover compensation for it. In another part of the charge he said, " The measure of that damage is, at all events, compensation for the advertisement for the number of times that it was inserted in the paper. . . . He is entitled to recover twenty-five dollars for nine months, and he is entitled to recover that, if he is entitled to recover anything, with interest from the date of the writ. . . . The simple question is, whether that contract was made or not; . . . that is the sole and only question." The jury returned a verdict for the amount claimed and interest.

Under the contract the plaintiff was to " insert our advertisement," that is, the defendant's advertisement. The defendant impliedly agreed to prepare an advertisement to be inserted. On the undisputed facts the contract was broken by the defendant before the first publication, and he persistently refused to perform it, and repeatedly forbade the plaintiff's attempts at performance afterwards. He is liable to the plaintiff in damages for the breach, and these damages may include the profits that the plaintiff might have made under the contract. His refusal to furnish an advertisement to be published, or to consent to the publication of the former advertisement, put it out of the power of the plaintiff to perform the contract, and its only ground of recovery is the breach, for which it should be awarded damages. There was evidence that the damage to the plaintiff would be the contract price, and this would have warranted the jury in assessing damages accordingly. But the burden was on the plaintiff to establish its damages, and the jury were not bound to believe this evidence, or to disregard the circumstances from which they might have found that the damage was something less than the contract price. On this part of the case there was error in instructing the jury as matter of law as to the amount of the damages.

It has been suggested in argument that the contract may be interpreted as an agreement to reserve space for an advertisement of the defendant which he might fill in any proper way. If this had been the contract, the plaintiff might have left the space blank, or might have designated it properly as space reserved for the defendant, and have recovered for a performance of the contract ; but it would not be performance of such a contract to persist, against the defendant's orders, in printing an advertisement which he did not want, and which represented him as having goods for sale which he did not have.

*Exceptions sustained.*

*J. L. Gillingham,* for the defendant.
*M. R. Hitch,* for the plaintiff.