## Buyers Index Publishing Company, Plaintiff in Error, v. Scheidel Western X Ray Coil Co., Defendant in Error.

### Gen. No. 14,865.

**1.** MEASURE OF DAMAGES—*in action upon contract for publication of advertisement.* Where an advertisement is published in a magazine in accordance with the contract, and the magazine is duly issued and nothing more remains to be done on the part of the publisher, the measure of damages is the contract price.

**2.** MUNICIPAL COURT—*when final judgment rendered for plaintiff.* A judgment for the defendant will be reversed and final judgment rendered in favor of the plaintiff if the action is one sounding in contract, which has been tried by the court without a jury and the evidence shows the plaintiff's right of recovery.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ANTHONY J. CLANTY, Judge, presiding. Heard in this court at the October term, 1909. Reversed and judgment here. Opinion filed December 23, 1909.

EDWARD R. HILLS, for plaintiff in error.

A. D. GASH, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff published a monthly magazine, alternately in the English and Spanish languages, called the "Buyers Index." Defendant, by a contract in writing with plaintiff, arranged to have inserted in the Spanish edition of the "Buyers Index" for one year an advertisement in Spanish, for which it was to pay $180 in quarterly installments. Defendant agreed to furnish the advertising matter, which plaintiff was to translate and return for approval. A cut and literary matter were furnished, the latter translated into Spanish, submitted to defendant and returned to plaintiff with defendant's approval. In due course the advertisement as so made up was inserted and published in the "Buyers Index" Spanish edition for the months of

December, 1906, and February, April, June, August and October, 1907. These six issues of the magazine were offered and received in evidence. Defendant refused to pay for the advertisement and based such refusal as its defense to this action on the ground that the contract was procured by the false and fraudulent representations of the agent of plaintiff when the contract was made, in faith of which the consent of defendant thereto was obtained. Among other conditions of the contract is one numbered 3, as follows: "It is clearly understood that the conditions above and herein set forth embody all agreements and understanding concerning the present contract as made or had with said Buyers Index Publishing Co., its agents or employees acting in its behalf, either written or verbal." Plaintiff further agreed to furnish defendant names of dealers in X-Ray machines in South America. This it did. It appears that Maples, who procured the contract, represented to defendant that he, Maples, had formulated a plan for opening up business in South America and had an organization perfected for "going over" the trade of these southern countries; that such organization consisted of a man in his, Maples', employ, who would call upon the trade there; that he had a stenographer who would circularize the trade, and that there was a "vast amount" of business there which defendant ought to get. Maples further represented that he had made an arrangement to represent the "Buyers Index" because he found that his expenses were "a little too high" in the southern organization for him to carry it out, and that he had arranged to take the representation of the "Buyers Index" in order to give him enough money to carry out his own plans for his southern organization; that if defendant would give him an advertisement for the "Buyers Index" he would take it as compensation for his representation in southern countries. Defendant's witness also testified that Maples said that he did not think "ads" in periodicals so far from home would do any good, but that the "ads" were a

240 APPELLATE COURTS OF ILLINOIS.

Buyers Ind. Pub. Co. v. Scheidel W..X Ray C. Co., 152 Ill. App. 238.

means to an end; that the *end* was the getting of defendant's goods introduced in southern countries; that these representations of Maples were the procuring cause of entering into the contract. After the contract was signed Maples failed to carry out any of his promises, and so defendant wrote plaintiff January 3, 1907, that "the understanding that your Mr. Maples and ourselves had in our office is not being carried out in anything like a satisfactory manner by him," and asked that the contract be cancelled. Plaintiff declined to accede to this request and repudiated any liability not embraced within the contract between them. On June 18, 1907, defendant by letter returned to plaintiff a statement and a list of dealers in southern countries sent it by plaintiff, and added, "It is useless for you to send us anything further * * *." A trial before the court resulted in a judgment of *nil capiat* and for costs, which plaintiff seeks by this review to have reversed.

It is clear that as to the representations of the agent Maples, not embodied in the contract, plaintiff is not concerned. If they constituted a contract, it was between defendant and Maples, for any breach of which defendant must look to Maples for requitement. The representations of Maples as detailed by defendant's witness Howe, and as shown by the correspondence in relation thereto, found in the record, clearly, we think, demonstrate that what Maples undertook to do for defendant was aside from, and had no connection with, the written contract entered into with plaintiff. The evidence of plaintiff sufficiently shows that it complied with every material condition of the contract obligatory upon it; that the advertisement was inserted in accord with the contract, with the approval of defendant; that it was inserted in Spanish and published for one year following in the alternate months of that year in the "Spanish edition" of the "Buyers Index." Every such paper was offered and received in evidence. If defendant did not receive a copy of each of the papers containing its advertisement, such failure

resulted from its peremptory refusal to receive anything further from plaintiff. Plaintiff's witness Morrison testified that he had compared the proof returned by defendant with the advertisement inserted in the "Buyers Index," and that the two were identically the same. This evidence was erroneously stricken out on motion of counsel for defendant. Both the proof and advertisement were in the Spanish language, and Morrison in this testimony must be regarded as an expert, and it is familiar law that experts may testify to conclusions based on facts within their knowledge. At least, undisputed, it furnishes *prima facie* proof of the fact. The six numbers of the "Buyers Index" containing the advertisement of defendant were in evidence and subject to rebuttal by defendant if not in compliance with contract or in any way variant from the matter approved by it. In giving our judgment, the trial being by the court without a jury, this evidence must be treated as admitted and be weighed by this court as proof.

In cases of this nature, where an advertisement is published in a magazine in accord with the contract, and the magazine is duly issued and nothing more remains to be done on the part of the publisher, the measure of damages is the contract price. Haynes Co. v. Nye, 185 Mass. 507. As said in case *supra*: "There was evidence that the damage to the plaintiff would be the contract price, and this would have warranted the jury in assessing damages accordingly." Defendant having failed to produce any proof tending to minimize the damages from the contract price, such contract price must be regarded as the measure of damages which should have been awarded plaintiff by the trial judge in the court below. The Municipal Court Act requires this court to give such judgment as in its opinion, from the record, the Municipal Court should have entered. It is our opinion that under the evidence and the law applicable thereto the finding of the issues by the Municipal Court should have been for

plaintiff, and its damages should have been assessed to the amount agreed to be paid in the contract.

The judgment of the Municipal Court is reversed and a judgment will be entered here in favor of plaintiff and against defendant in the sum of $180.

*Reversed and judgment entered here for plaintiff.*