DRUGGISTS CIRCULAR, INC. *vs.* AMERICAN SODA FOUNTAIN COMPANY.

Suffolk.   December 9, 1921. — March 2, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Contract*, Construction, Performance and breach. *Damages*, For breach of contract. *Practice, Civil*, Auditor, Findings by judge.

At the trial of an action upon a contract as to advertising by which the "defendant agreed to advertise in the plaintiff's magazine, the advertising matter to be furnished by the defendant, twelve pages to be taken in sixteen months from the date of the contract; and the defendant was to pay therefor a sum computed at the rate of $62.50 per page, to wit, $750," it appeared that there was publication in the first three monthly issues of the magazine, which the defendant paid for, that thereafter the defendant furnished no further copy and, before the next issue, notified the plaintiff not to insert its advertisement in any subsequent issue until further notice. In the thirteenth month the

plaintiff wrote to the defendant that, in the absence of receipt of further copy from the defendant, he would publish the defendant's name and address on three pages of each of its next three monthly issues for the purpose of fulfilling the contract. By telegram the defendant denied the existence of the contract and forbade the publication of his name and address. The plaintiff published as he had said he would. *Held,* that

(1) The plaintiff was not entitled to recover on the basis that he had performed his contract fully;

(2) The contract was not to be interpreted as an agreement to reserve space for an advertisement from the defendant, which the plaintiff could formulate and publish when he pleased;

(3) The defendant, by stopping performance of the contract, subjected himself to such damages as would compensate the plaintiff for being deprived of the benefit of the contract.

A finding by an auditor, to whom the action above described was referred, that the act of the defendant, which made it unnecessary for the plaintiff to publish the advertisement after the third insertion, saved the plaintiff nothing, obviously was unwarranted.

A judge of the Superior Court, who hears a case upon an auditor's report and an excerpt from the testimony of one of the witnesses before the auditor, is not bound to reach the same conclusion as did the auditor if the facts and evidence reported warrant more than one conclusion.

A finding by the trial judge, who heard the action above described, that the damages suffered by the plaintiff by reason of the breach of the contract by the defendant were $58.34, was *held* to have been warranted by the evidence.

CONTRACT for $562.50 alleged to have been due under an agreement relating to advertising to be done for the defendant by the plaintiff. Writ dated February 26, 1919.

In the Superior Court the action was referred to an auditor. Material findings of the auditor are described in the opinion. The action was heard by *McLaughlin,* J., without a jury, upon the auditor's report and an "excerpt from testimony of one Schnell," which formed part of the record.

The plaintiff asked the trial judge to rule that upon all the evidence the plaintiff was entitled to recover the sum of $562.50 as damages for breach of the contract. The judge refused so to rule; but he did rule that the plaintiff had no claim against the defendant except by virtue of the contract, that its only remedy was for damages for breach of the contract, that the publication of the defendant's name, address and warerooms against the protest of the defendant was not such a substantial performance of the contract on the part of the plaintiff as would entitle it to recover for such publication, that the addition of three full pages to each of the three monthly issues immediately following

November 20, 1915, against the protest of the defendant was not such a substantial performance of the contract on the part of the plaintiff as would entitle it to recover for such publication; and he found for the plaintiff in the sum of $58.34. The plaintiff alleged exceptions.

*J. B. Studley,* (*H. T. Davis* with him,) for the plaintiff.

*G. K. Gardner,* (*R. B. Tyler* with him,) for the defendant.

DE COURCY, J. In October, 1914, the parties entered into this contract. "The defendant agreed to advertise in the plaintiff's magazine, the advertising matter to be furnished by the defendant, twelve pages to be taken in sixteen months from the date of the contract; and the defendant was to pay therefor a sum computed at the rate of $62.50 per page, to wit, $750." The auditor found as follows: The defendant accordingly furnished a plate for a full-page advertisement, which the plaintiff published as instructed, in its issues of November and December, 1914, and January, 1915. These three publications have been paid for. Thereafter the defendant furnished no further copy, and on January 19, 1915, notified the plaintiff not to insert its advertisement in the February issue nor in any subsequent issue until further notice. On November 20, 1915, the plaintiff wrote that in the absence of receipt of copy from the defendant it would publish on three pages of each of its next three monthly issues the name of the defendant company with its office address and warerooms for the purpose of fulfiling its obligations under the contract. Four days later the defendant by telegram denied the existence of any advertising contract between them, and forbade the projected publication of its name and address. Notwithstanding this, the plaintiff carried out its intention.

At the hearing before the auditor the defendant admitted the validity of the contract and its liability, and waived the claim in recoupment. The auditor ruled that the plaintiff had fully performed its contract and was entitled to recover the full contract price, or $562.50. He ruled in the alternative that the measure of damages was the expense of publishing the nine blank pages plus the profit the plaintiff would have made on the contract, had it been fully performed; and accordingly found the plaintiff's damages on the second count to be $562.50. The trial judge, sitting without jury, found for the plaintiff in the sum

of $58.34. He ruled in substance that the plaintiff was not entitled to recover on the count claiming full performance of its contract; and refused to rule that upon all the evidence the plaintiff was entitled to recover $562.50 as damages for the breach of the contract. The correctness of his rulings and refusal to rule is the only question before us on the plaintiff's exceptions.

1. The plaintiff is not entitled to recover on the basis that it has fully performed the contract. What it agreed to do was to publish an advertisement prepared by the defendant, in certain issues of the magazine to be selected by the defendant. What it in fact did was to publish an advertisement to which the defendant objected, and in issues selected by itself; and nine of these publications were confined to three monthly issues. The contract is not to be interpreted as an agreement to reserve space for an advertisement of the defendant, and which the plaintiff could formulate, and publish when it pleased. *D. O. Haynes & Co.* v. *Nye,* 185 Mass. 507.

2. As the defendant stopped the performance of the executory contract, it subjected itself to such damages as would compensate the plaintiff for being deprived of the benefits of the contract. *Collins* v. *Delaporte,* 115 Mass. 159. The finding of the trial judge, that the damages were $58.34, must stand if supported by the evidence. Although he had before him only the auditor's report and an excerpt from the testimony of the witness Schnell, yet if the facts and evidence reported warranted more than one conclusion, it was open to the judge to draw a different one from that of the auditor. *Emerson* v. *Patch,* 129 Mass. 299. *Fisher* v. *Doe,* 204 Mass. 34, 41. The amount found by the auditor ($562.50) is exactly the same as the plaintiff would have been entitled to if it had fully performed the contract. The auditor found that the profit on the other nine publications (had they been made in accordance with the contract), would have been ten per cent of the contract price, or $56.25. It is not apparent what the plaintiff lost, other than this profit, through the defendant's refusal to supply nine of the twelve stipulated advertisements. The only evidence on damages was that of the witness Schnell, which is attached to the report. He testified that "the cost per page for advertising, for commissions, for typesetting and

different incidental expenses . . . for paper and setting" was $55 or $56 ; and the profit would be the balance of the $62.50 per page which the contract called for.  Regardless of which party had the burden of proving that the plaintiff's damages could have been reduced (see *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1), obviously the elimination of a full page advertisement must result in a substantial saving of material and labor, thereby reducing the plaintiff's damages below the full contract price.  As was said in *Magnolia Metal Co.* v. *Gale,* 189 Mass. 124, 132, 133: "It cannot have the same benefit of the contract that it would have had, if it had been fully performed, and at the same time avoid the expense to which . . . it would have been subjected by performance.  To allow such expense to be ignored in the estimation of the damages would be putting the plaintiff in a better position than it would have occupied if the contract had been fully performed."  Obviously it was not put to the same expense in time and money as if there had been such full performance.  The auditor's finding that this elimination saved the plaintiff nothing is contrary to the evidence.  And whatever the expense was to the plaintiff of printing the advertisement in question, it was incurred months after the defendant notified the plaintiff not to insert its advertisement.  Further, if the contract space was limited, and the plaintiff could get other advertisements which it could not have accepted except for the breach of the contract, the damages suffered must be less than the contract price.  On this record we cannot say that the finding of the trial court was unsupported by the evidence.

*Exceptions overruled.*