EASTERN ADVERTISING COMPANY *vs.* SAMUEL SHAPIRO.

Suffolk.    January 10, 1928.— April 3, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, Validity.   *Evidence*, Extrinsic affecting writings, Presumptions and burden of proof.   *Damages*, For breach of contract, Nominal.   *Practice, Civil*, Conduct of trial: requests, rulings and instructions, charge to jury; Exceptions: waiver.   *Waiver.   Fraud.   Proximate Cause.*

A contract in writing provided that an advertising company was to furnish to a customer certain advertising space during three specified months, for which the customer was to pay a certain sum at the end of each month, and was to furnish the company with the advertising matter. The contract also contained the following provision: "No verbal con-

ditions made by agents will be recognized. Every condition must be specified in the face of this contract." In an action on the contract by the company against the customer, the defendant in his answer pleaded fraud, misrepresentation and deceit in procuring the contract. *Held,* that

(1) Evidence, that an agent of the plaintiff stated to the defendant before the making of the contract that the plaintiff would furnish a sales crew to help promote the defendant's product, and that the contract was to be experimental and if the results were not satisfactory it would not be enforced, properly was excluded; such evidence was not admissible to show fraud entering into the making of the contract;

(2) Evidence, that under a previous similar contract the plaintiff had furnished posters, properly was excluded;

(3) The previous furnishing of posters did not constitute a waiver of the rights of the plaintiff under the present contract.

At the trial of the action above described, it appeared that there was no advertising of the defendant's product because no posters had been received by the plaintiff; that the plaintiff, as a matter of business necessity, placed "fillers" in the spaces which it alleged it had reserved for the defendant, for which it received no compensation; and that, upon being told by an agent of the plaintiff before the expiration of the contract that the plaintiff had no posters, the defendant replied "that he would take care of it." The evidence was uncontradicted that the plaintiff never received any compensation for the space to be used for the defendant under the contract. *Held,* that

(1) An instruction to the jury, that if the plaintiff at all times had available the space contracted for, it could recover the contract price, was proper;

(2) It was not error to fail to instruct the jury that anything received by the plaintiff for the space reserved should be deducted from the contract price, the plaintiff having received nothing;

(3) A proximate result of the defendant's failure to furnish the plaintiff with advertising matter was that the plaintiff was put to the expense of putting up the "fillers," and this was an element of damage which the plaintiff might recover;

(4) While the burden was on the plaintiff of proving this damage, on evidence that the expense for such work would be the same as the contract price, the jury were warranted in assessing damages at the contract price without deducting the cost of putting up the posters of the defendant;

(5) It could not have been ruled that the plaintiff was not entitled to recover;

(6) The judge rightly refused to rule that the plaintiff could recover only nominal damages;

(7) The plaintiff was not required to relet to another the space reserved for the defendant.

No error is shown by the refusal by a trial judge to give particular rulings as to matters with which he has dealt adequately in his charge to the jury.

Exceptions, to the denial by a trial judge of requests for rulings, not having been argued were treated by this court as waived, although it was stated in the brief of the excepting party that they were not waived.

CONTRACT. Writ in the Municipal Court of the City of Boston dated August 10, 1926.

On removal to the Superior Court, the action was tried before *Flynn*, J. The following requests by the defendant for rulings were refused by the trial judge:

"2. That unless the plaintiff reserved space for the defendant's advertising, he has not performed his part of the contract and is precluded from recovery.

"3. The plaintiff if entitled to recover anything is only entitled to recover nominal damages because there is no proof of actual loss."

"5. If the plaintiff put other advertising matter in the space reserved for the defendant and received money therefor the defendant is entitled to have those sums, or the fair value of such advertising matter set off in his favor in mitigation of the damages recoverable by the plaintiff.

"6. The plaintiff is only entitled to recover the net profits he would have made if the contract had been performed and in estimating his damage — his expense in carrying out the contract on his part must be deducted from the gross profits which would have been accrued to him under the contract."

"9. The object of the law in awarding damages for civil injury and breach of contract is to put the plaintiff in the same position as far as money can do it, as he would have been had there been no injury or breach; that is to compensate him for the actual injury sustained.

"10. When the plaintiff learned that the defendant would not carry out the contract it was their duty to relet the space to some other party and are not entitled to recover by waiting until the term of the contract expired."

The trial judge instructed the jury in part as follows: "The testimony of the plaintiff . . . is to the effect that . . . the plaintiff concern reserved the space, and had it available if the defendant had furnished the copy. If you are satisfied of that fact, the plaintiff is entitled to recover $1,350 plus $250, a total of $1,600, and as I see the law, and as I now instruct you, that is the only question for your consideration in this case. Was the space available? . . . You must be satisfied that the plaintiff had available space

in which it could and would have put the advertising material of the defendant, had it been forwarded. The plaintiff had a right to wait to receive the advertising material. Once it received it, it was its duty to install it, and it must satisfy you that it had available space in which to install it. If you are so satisfied, you will return a verdict for the plaintiff for $1,600 from the date of the writ; otherwise, you will return a verdict for the plaintiff for $250 with interest at six per cent from the date of the writ."

There was a verdict for the plaintiff in the sum of $1,652, and the defendant alleged exceptions.

*M. Caro,* (*G. Broomfield* with him,) for the defendant.

*O. T. Wagner,* for the plaintiff.

CROSBY, J. This is an action of contract brought upon two agreements made between the parties. Under one $250 is due the plaintiff from the defendant; concerning this agreement there is no controversy. Under the other the plaintiff was to furnish certain advertising space to the defendant during the months of April, May and June, 1926, for which the defendant was to pay $450 at the end of each of the three months, and was to furnish the plaintiff with the advertising matter to be placed on boards located at stations of the Boston Elevated Railway in the city of Boston and its suburbs. With respect to this agreement the plaintiff alleges that it has in every way complied with its terms and that the defendant has failed to do so. The defendant pleads a general denial, and fraud, misrepresentation and deceit in procuring the contract. The case was commenced in the Municipal Court of the City of Boston, and was removed to the Superior Court and there tried before a judge and a jury. There was a verdict for the plaintiff for $1,652. The case is before this court on the defendant's exceptions to the exclusion of evidence, to portions of the charge, and to the refusal by the trial judge to give the rulings requested. All the material evidence is reported.

There was evidence sufficient to establish the making of the agreement. The defendant offered to prove by a question put to a witness on cross-examination, who was the agent of the plaintiff in making the contract, that he had

stated to the defendant that the plaintiff would furnish a sales crew to help promote the defendant's product, and that the witness said that the contract was to be experimental and if the results were not satisfactory it would not be enforced. This conversation took place before the making of the contract. The judge excluded the question and offer of proof, and the defendant excepted. A similar question put to the defendant by his counsel was objected to and excluded, subject to the defendant's exception. There was also evidence of one Silbert to the same effect, which was likewise excluded; and the defendant again excepted.

Precisely the same provision is contained in this contract as was involved in *Eastern Advertising Co.* v. *E. L. Patch Co.* 235 Mass. 580, 582, namely, "No verbal conditions made by agents will be recognized. Every condition must be specified on the face of this contract." In that case the defendant offered evidence of fraud on the part of the plaintiff's agent in making representations that the defendant might cancel the contract at any time on thirty days' notice if it proved unprofitable, although such a term was not to be included in the contract. The evidence was held to have been rightly excluded. There is no substantial distinction in principle between that case and the instant case. This is not a case of fraud entering into the making of a contract under the distinction as held in *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170, 174. Similarly, in view of the provision at the beginning of the contract indicating that the posters were to be furnished by the defendant, evidence that under another contract worded in a like manner the plaintiff had furnished posters is within the parol evidence rule. Such acts do not constitute a waiver of the rights of the plaintiff under the contract now in controversy, because those rights were not even in existence at the time the waiver is claimed to have taken place. The evidence above referred to was rightly excluded.

The next question has to do with the measure of damages. It is elementary that in an action brought for breach of a contract the burden is on the plaintiff to prove the damages alleged to have been sustained. *D. O. Haynes & Co.* v. *Nye,*

185 Mass. 507, 509.   Upon this question the substance of the charge of the judge was that if the plaintiff at all times had available the space contracted for, then it could recover the contract price.   The judge did not instruct the jury that the above rule was to be followed whether or not the plaintiff had received compensation for the space which was to be used under the contract with the defendant.   It was not error to fail to instruct the jury that anything received for such space should be deducted from the contract price, because there was no evidence that any compensation was ever received for such space; on the contrary there was uncontradicted evidence that no compensation was received.   *Doane* v. *Preston*, 183 Mass. 569, cited by the defendant, is not pertinent to any question raised in the case at bar.   While the plaintiff under the terms of the contract was obliged to provide space for the advertising matter of the defendant, the contract was not merely to provide space; it imposed the further obligation on the plaintiff of putting up the posters. Under the ordinary rule of damages the defendant would be entitled to have the expense of this obligation deducted from the contract price.   *Druggists Circular, Inc.* v. *American Soda Fountain Co.* 240 Mass. 531, 534, 535.   The facts in the case of *D. O. Haynes & Co.* v. *Nye, supra,* are not applicable to the present case.   There the plaintiff inserted as advertisements of the defendant posters that the defendant had forbidden it to insert.

But it appears from the evidence that the plaintiff was under the necessity as a matter of business, for the purpose of keeping its billboards in a respectable condition, of putting "fillers" on boards contracted for but for which no advertising matter had been provided.   The uncontradicted evidence shows that the "fillers" so placed in the spaces were posters of other concerns which were subscribers of the plaintiff; that a "filler" is anything that is not paid for, and that nothing was paid for the "fillers" in question.   When the defendant violated the contract to furnish the plaintiff with advertising matter for these boards, the proximate and natural consequence of such breach was that the plaintiff was still put to the expense of putting up "fillers."   This

is an element of damage recoverable by the plaintiff. Although the burden was on the plaintiff to prove this damage, there was evidence that the expense for such work would be the same as the contract price, and the jury would have been warranted in assessing the damages accordingly. The defendant was liable for the consequences of the breach, which were reasonably foreseeable at the time the contract was entered into as probable if the contract were broken. *Gagnon* v. *Sperry & Hutchinson Co.* 206 Mass. 547, 555. *Dondis* v. *Borden*, 230 Mass. 73, 79, 80. *Hadley* v. *Baxendale*, 9 Exch. 341. Williston on Contracts, § 1344. For these reasons the expense of what it would have cost to put up the posters of the defendant cannot properly be deducted from the contract price.

The first request, that upon all the evidence the plaintiff could not recover, was rightly refused. The defendant admits that he was liable on the first contract in the sum of $250 as claimed by the plaintiff. As to the second contract, it could not have been ruled that the plaintiff was not entitled to recover. The second request was given in substance. The third and fifth requests, for reasons above stated, were rightly denied. The trial judge adequately and accurately dealt with the question raised by the sixth request; accordingly there was no error in refusing to give it. He was not required to give the defendant's ninth request; it was covered by the charge so far as applicable. The tenth request was rightly refused. There was evidence that the plaintiff's agent talked with the defendant in 1926 before the term of the contract had expired, and told him that the plaintiff had no posters and that the New York office was asking for them, and that the defendant replied "that he would take care of it." This reply could have been construed as a promise on the part of the defendant to furnish the posters. In these circumstances the plaintiff was not required, if it could legally do so, to relet the space to another. The other requests, not having been argued, are treated as waived, although it is stated in the defendant's brief that they are not waived. *Fay* v. *Hunt,* 190 Mass. 378.

*Exceptions overruled.*