RAYMOND J. GALVIN *vs.* THE NUTTING-PILLMAN AMUSEMENT COMPANY.

Middlesex.    October 3, 1933. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Damages,* In contract.    *Evidence,* Matter of conjecture.

Evidence of prospective profits, at the trial of an action for breach of a contract for use by the plaintiff of the defendant's dance hall on certain evenings of the week over a certain period, showing receipts by the plaintiff during his occupancy under the contract over part of such period and under a previous contract; the nature of the plaintiff's business and the conditions affecting it; and that there were profits on some evenings and losses on others, that the receipts fluctuated and that the profits usually were larger in one season than in another, justified the trial judge in refusing to rule that the evidence did not entitle the plaintiff to more than nominal damages, and warranted the assessment of substantial damages.

CONTRACT.    Writ in the Second District Court of Eastern Middlesex, dated April 13, 1932.

Upon removal to the Superior Court, the action was tried before *Williams,* J.    Material evidence is stated in the opinion.    There was a verdict for the plaintiff in the sum of $1,800.    The defendant alleged an exception.

*R. W. Hill, E. L. Howie, & R. E. Blake,* for the defendant, submitted a brief.

*J. J. Foster,* for the plaintiff.

RUGG, C.J.    The plaintiff by this action of contract seeks damages for the breach of an oral agreement for the use of a dance hall of the defendant on Monday and Saturday evenings between February 22 and November 1, 1932. There was evidence to support a finding that the agreement was made and that it was broken by the defendant on

March 21, 1932, who thereafter refused to allow the plaintiff to use the premises. The single exception argued by the defendant is to the refusal of the trial judge to instruct the jury that the evidence did not warrant a finding of more than nominal damages. No exceptions were taken to the charge. A verdict for substantial damages was returned.

The plaintiff testified in considerable detail as to the amounts received by him on each night during his occupancy under this contract, and also as to receipts during the period from May 18, 1931, to February, 1932, when he operated the same dance hall under arrangement with the defendant. There was testimony, also, as to the nature of the business, the conditions affecting its revenue, and as to the effect of the depression upon it. The evidence in its aspect most favorable to the plaintiff tended to show that there were profits on most Monday evenings and losses on others, and that the revenue on Saturday evenings was less and perhaps more fluctuating than on Monday evenings. There was evidence, also, that in the ordinary course of the business the profits would be larger during the summer and early autumn than during February and March. It is not necessary to narrate or further to summarize the evidence.

It cannot be said as matter of law that the evidence as to prospective profits was so remote, speculative, uncertain, or contingent as not to afford basis for a reasonable judgment. Recovery of prospective profits as to the operation of a summer hotel was allowed in *Neal* v. *Jefferson*, 212 Mass. 517, of a theatre for pictorial vaudeville in *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, and of a motion picture theatre in *Orbach* v. *Paramount Pictures Corp.* 233 Mass. 281. Those decisions control the case at bar. The governing principles of law have been discussed at large and need not be repeated. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 21. *Lowrie* v. *Castle*, 225 Mass. 37, 51–52. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 280–281. *Hawkins* v. *Jamrog*, 277 Mass. 540, 543.

*Exceptions overruled.*