Robbins, J.
The declaration in this case is for an account annexed, and the only item in the account is as follows:
“July 19, 1943 Balance due under service contract $98.10”.
*244 The answer is a general denial and a plea of payment.
At the trial the plaintiff introduced the following contract :
“SERVICE CONTRACT
Dale System, Incorporated, July 19, 1943
390 Main Street Worcester, Mass.
Gentlemen:
In consideration of Ninety Dollars ($90.00 ) which we agree and promise to pay you in six (6) equal payments of Fifteen Dollars ($15.00) each, on the 1st day of each and every month for a term of six months, commencing on the 1st day of August, 1943, you are to visit our store or each of our one stores, the location of which is designated below six (6) times during the term, and check up our salespeople therein as to their efficiency and faithfulness, and to report to us the result of your inspections. This Contract is to be continued for a •similar term unless a written notice to discontinue be served by either party on the other at least ten days prior to the expiration of the term.
Upon our written requests you are to supply us with signs showing that our premises are under your protection. The signs to remain your property and be returned upon discontinuance of your services.
You are also to furnish us, upon our written request, with pamphlets, rules, suggestions and other matter which may be issued by your Educational Department, such matter to be furnished to us at such times during the term of this Contract as you may, in your discretion, see fit, and to be furnished to us in quantities sufficient for distribution among our salespeople employed in the stores covered by this contract.
We will refund to you all moneys advanced by your representatives in purchasing merchandise, food, beverages or mechanical work at our store or stores. Where merchandise is returnable, you will return same to us.
Very truly yours,
Please sign here ... Stephen A. Wichroski. . (Signed) Full Firm or Corporation Name.
Per... .Owner....Title of Office
*245 Location of Store or Stores:
Orange Drop Inn 124 Broadway Springfield, Mass.
Worcester, Mass. July 21, 1943
Messrs.
Orange Drop Inn 124 Broadway Springfield, Mass.
Gentlemen:
We accept your proposition for our services upon the conditions therein specified.
Very truly yours,
DALE SYSTEM, INCORPORATED (Signed) Leonard S. Loewenthal, Secretary
Represented by
Addison H. Vebeill (Signed)”
Thereupon both parties rested, and the plaintiff seasonably requested the following rulings:
“1. Upon all the evidence a finding for the plaintiff is warranted. 2. If the Court finds that the defendant has breached his contract the measure of damages is the full balance due under the terms of said contract. International Textbook Company vs. Martin, 221 Mass. 1.”
The Court allowed the first and denied the second request, and made the following finding:
“The Court finds that there was no evidence introduced on the loss of profits suffered by the plaintiff as a result of the breach of the contract by the defendant.”
The Court made a finding for the plaintiff for nominal damages in the sum of $1.00.
At the argument of this case both parties agreed that at the trial they had agreed at the bench that a breach of the contract had been made by the defendant. No question of pleading arises.
*246 The plaintiff claims to be aggrieved by the refusal to give his second requested ruling.
An analysis of the contract shows that the defendant bound himself to pay ninety dollars ($90.00) in installments of fifteen dollars ($15.00) on the first day of each month beginning August 1, 1943, and also, since there is no evidence of the discontinuance of the contract, the defendant bound himself to pay a second ninety dollars ($90.00) in installments of fifteen dollars ($15.00) on the first day of each month beginning February 1, 1944. Such installments might have been and undoubtedly were payable before anything was to be done by the plaintiff in the particular month during which the installments were called for. In other words, the promise to pay was an independent promise, which, without controlling evidence, bound the defendant to pay his monthly installments from August 1, 1943 up to August 1, 1944. International Textbook Co. vs. Martin, 221 Mass. 1, at pages 4 and 5; Restatement of the Law of Contracts, Vol. 1, page 535. See Eastern Advertising Co. vs. Shapiro, 263 Mass. 228, 233. The total of these payments was considerably more than the amount claimed in the declaration, but the amount there claimed limits the amount recoverable.
The defendant chose not to bring any cross action, and did not offer any evidence although the burden was on him to support his plea of payment.
The second requested ruling should have been given, and as this ruling requires a judgment for the plaintiff in the amount claimed, or $98.70, judgment for that amount is to be entered.