DALE SYSTEM, INCORPORATED, *vs.* STEPHEN A. WICHROSKI.

Hampden.    September 19, 1946. — November 1, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Damages*, For breach of contract. *Contract*, Construction.

A contract in writing, whereby the proprietor of a store agreed to pay a certain sum of money by equal payments on the first day of each month for a period of six months to one who was to visit the store, "check up" the sales people as to their efficiency and faithfulness and report the result of the inspection, was not a contract with independent promises under which the proprietor bound himself absolutely to make such payments throughout the six months wholly without reference to the conduct of the inspector.

At the trial of an action upon a contract, in which the parties made dependent promises whereby the plaintiff was to perform certain services for the defendant in the nature of inspections and reports respecting sales people employed by the defendant and the defendant was to pay to him a certain sum of money in equal payments on the first day of each month during a period of six months, where there was no evidence as to whether the plaintiff had performed any part of the contract and no evidence as to the time, character, and extent of any breach of it by the defendant, the trial judge properly refused to rule that "the measure of damages is the full balance due under the terms of said contract."

CONTRACT. Writ in the District Court of Springfield dated December 20, 1944.

The case was heard by *Collins*, J.

In this court the case was submitted on briefs.

*A. T. Garvey* & *T. F. Linnehan*, for the defendant.

*L. C. Henin*, for the plaintiff.

QUA, J. In this action of contract brought in a District Court the trial judge granted the plaintiff's first request for ruling that upon all the evidence a finding for the plaintiff

was warranted, and denied its second request that "If the court finds that the defendant has breached his contract the measure of damages is the full balance due under the terms of said contract." The judge then made a general finding for the plaintiff for nominal damages in the sum of $1 and at the request of the plaintiff reported his refusal of the plaintiff's second request for ruling to the Appellate Division "for determination as to the measure of damages." It does not appear that the defendant requested any report or filed any draft report. G. L. (Ter. Ed.) c. 231, § 108, as amended by St. 1933, c. 255, § 1. The Appellate Division held that the plaintiff's second request should have been granted and ordered judgment for the plaintiff for $98.70, the full amount claimed in the declaration. The defendant appealed. The real question at issue is whether, in accordance with the plaintiff's second request, the judge should have adopted the unpaid balance of the contract price as the measure of damages. No other question is reported. *Reliable Finance Corp.* v. *Baldrate*, 291 Mass. 150, 152. The question whether the evidence warranted any finding at all for the plaintiff is not before us. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94–95, and cases cited. *Matter of Loeb*, 315 Mass. 191, 194, and cases cited. *Barton* v. *Cambridge*, 318 Mass. 420, 423–424.

The contract was in the form of a communication from the defendant to the plaintiff as follows:

"SERVICE CONTRACT

JULY 19, 1943.

"Dale System, Incorporated,
"390 Main Street
"Worcester, Mass.
"Gentlemen:

"In consideration of Ninety Dollars ($90.00) which we agree and promise to pay you in six (6) equal payments of Fifteen Dollars ($15.00) each, on the 1st day of each and every month for a term of six months, commencing on the 1st day of August, 1943, you are to visit our store or

each of our one stores [*sic*], the location of which is designated below six (6) times during the term, and check up our salespeople therein as to their efficiency and faithfulness, and to report to us the result of your inspections. This Contract is to be continued for a similar term unless a written notice to discontinue be served by either party on the other at least ten days prior to the expiration of the term.

"Upon our written request, you are to supply us with signs showing that our premises are under your protection. The signs to remain your property and be returned upon discontinuance of your services.

"You are also to furnish us, upon our written request, with pamphlets, rules, suggestions and other matter which may be issued by your Educational Department, such matter to be furnished to us at such times during the term of this Contract as you may, in your discretion, see fit, and to be furnished to us in quantities sufficient for distribution among our salespeople employed in the stores covered by this contract.

"We will refund to you all moneys advanced by your representatives in purchasing merchandise, food, beverages, or mechanical work at our store or stores. Where merchandise is returnable, you will return same to us.

Very truly yours,

STEPHEN A. WICHROSKI."

The plaintiff accepted the contract in writing.

At the trial the plaintiff introduced the contract in evidence and rested. The defendant did not introduce any evidence. There was therefore no evidence at the trial either that the plaintiff performed the contract on its part by furnishing the service or that the defendant broke it on his part by failing to make the required payments.[1] But, as already shown, lack of evidence on those points is now immaterial, except as it may bear upon whether the

---

[1] The Appellate Division states in its opinion that at the argument before it both parties "agreed" that at the trial they had "agreed at the bench that a breach of the contract had been made by the defendant." See *Neilson v. Malcolm Kenneth Co.* 303 Mass. 437, 438.

judge should have granted the plaintiff's second request relative to the measure of damages. Likewise there was no evidence of what damage the plaintiff sustained if there was a breach by the defendant in failing to make payments and if the measure of damages was not the amount of unpaid instalments.

The Appellate Division held that the plaintiff's second request should have been granted. It took the view that the defendant's payments of $15 on the first day of each month during the term of the contract were to become due before the plaintiff had rendered any service in that month; that the defendant's promise to pay "was an independent promise" absolutely binding the defendant to pay each month; that as there was no evidence of any notice to discontinue the contract before the expiration of the first six months, the defendant became liable for the entire year; and that the plaintiff could recover the amount of the monthly instalments for that time, except that it could not recover more than the $98.70 claimed in its declaration.

In our opinion, with the case in the posture in which it stood at the trial, a ruling of law that "the measure of damages is the full balance due under the terms of said contract" could not rightly have been made. If, for instance, it had been shown that the plaintiff had performed the contract on its part by faithfully rendering the service required of it through the entire term and that the defendant had simply failed to pay for the last one or two months, the defendant might well be held liable for the entire unpaid instalments without deduction of any kind. But on other possible states of fact this measure of recovery would be wholly inappropriate. Suppose before the first payment became due the defendant entirely repudiated the contract and refused to allow the plaintiff's employees upon his premises, and consequently the plaintiff never performed any part of the contract and the defendant never made any payments. Could the plaintiff recover all the payments without deduction and without regard to the sum saved to it by not being obliged to perform on its part and without regard to the actual value of the contract to the plaintiff?

We think not. *Eastern Advertising Co.* v. *Shapiro*, 263 Mass. 228, 233. Or suppose the plaintiff performed for a time, and the defendant then made it manifest that he could not or would not make any further payments. Could the plaintiff continue performance on its part and so unnecessarily increase the amount of its claim, or would questions arise at some stage as to its duty to recognize the defendant's position to the extent of keeping down the loss? See Williston on Contracts (Rev. ed.) §§ 1350, 1351.

We do not construe this contract as one of independent promises, so that the defendant bound himself absolutely to pay on the first of each month through the term wholly without reference to the conduct of the plaintiff. The plaintiff was to render a service ("protection") over a period of time within which the defendant was to make payments at stated intervals. It is true that the defendant might be required to make one or possibly more payments before the plaintiff did anything, but we do not think that the plaintiff could wait and make all six visits of inspection on the last day of the term. We think that if the plaintiff delayed unreasonably in furnishing the "protection," or substantially failed in performing its part of the contract, the defendant would be excused from making payments falling due thereafter. Am. Law Inst. Restatement: Contracts, §§ 266, 269. See *Frati* v. *Jannini*, 226 Mass. 430, 433–434.

The Appellate Division relied upon *International Textbook Co.* v. *Martin*, 221 Mass. 1, where the promises were held independent, but in that case not only did the obligation of the plaintiff extend for years beyond the time for payment by the defendant, but the contract contained language having no counterpart in the present agreement upon which the court relied heavily in concluding that the promises were independent. 221 Mass. at page 5. *Martin* v. *James Cunningham, Son & Co.* 231 Mass. 280, 285. Moreover, in the *International Textbook Co.* case it appeared that the plaintiff was at all times ready and willing to perform its part of the contract.

As there was no evidence as to whether the plaintiff had performed any part of the contract and no evidence as to

the time, character, and extent of any breach of it by the defendant there was nothing to show that the measure of damages was that stated in the plaintiff's second request, and that request was rightly denied. *Eastern Advertising Co.* v. *Shapiro*, 263 Mass. 228, 232–233.

Since there was no error at the trial in respect to the only matter brought up for decision, the order of the Appellate Division must be reversed, and judgment must be entered for the plaintiff for $1 on the finding of the trial judge.

*So ordered.*