Brooks, J.
This is an action of contract in three counts. In Count One, plaintiff recites that on or about January 25, 1949, agreement was made with defendant whereby plaintiff was to furnish music every Friday and Saturday evening for the ensuing three months at $41.40 a night; that plaintiff’s orchestra played on the evenings of January 28 and 29, 1949, but that thereafter their contract was repudiated, causing damage to the plaintiff, that plaintiff, relying on said agreement, refused and suffered the loss of other musical engagements.
In Count Two, plaintiff recites that on or about November 15, 1948, an agreement was made with defendant, whereby *126 plaintiff was to furnish music at the Veterans’ Hospital in West Boxbury, for which the defendant agreed to pay him $30., but did not do so.
In Count Three, plaintiff recites that on the evening of November 15, 1948 (subsequent to the engagement alleged in Count Two) he furnished music for the defendant at an agreed price of $41.40, for which he Avas not paid.
The ansAver is a general denial and payment.
There appears to be no dispute as to plaintiff’s claim under Counts Two and Three. The trial court found that under these counts defendant owed $71.40.
There Avas evidence from which it could be found that on January 22, 1949, plaintiff and defendant entered into an agreement Avherebv plaintiff’s orchestra, consisting of himself and two other musicians, was to play Friday and Saturday nights for three months, beginning January 28,1949, at $41.40 a night, and that it played on January 28 and 29 and that plaintiff was paid $82.80. The eMdence further indicated that the orchestra Avas not permitted to play according to the agreement on subsequent Fridays and Saturdays, and that plaintiff did not learn that defendant had repudiated the contract until too late to take up offers he had refused for February and March, or to secure new engagements. Plaintiff and members of his orchestra were able to make other engagements in April, therefore it was not claimed that defendant owed plaintiff for unfulfilled engagements in that month. According to the evidence, plaintiff was obligated to pay each member of his orchestra $12.00 per nig'ht.
Defendant filed several requests for rulings, all of which were allowed, except Number 6, which read as follows: “Even if the Court finds that the defendant breached the agreement, as alleged by the plaintiff, the plaintiff can recover no damages for the dates of February 25 and 26; *127 March 4, 5,11,12,18,19, 25 and 26,1949, and for snch other dates as the plaintiff may have refused musical engagements during the alleged contract periods.” This request was refused “For lack of supporting evidence.”
The Court found in the amounts claimed by the plaintiff, under Counts Two and Three and under Count One, in the amount of $652.40, covering eight nights in February and eight nights in March, making a total finding of $723.80. There was an error in the calculation of the Court of $10.00 which should be added to the above amount.
Plaintiff introduced in evidence over defendant’s objections a photostatic copy of a page of the Boston Traveler, dated January 26, 1949. Defendant, however, failed to comply with Rule 27 of the Rules of the District Court, and since he did not argue the matter, it is assumed that any claim of error in this regard is waived.
.The other claim of error raised by the report is as to Court’s denial of defendant’s sixth request .for ruling relating to damages. The Trial Judge rightly ruled that the evidence did not support such a request. He could justifiably have found that when plaintiff learned of the repudiation of the contract it was too late to regain the can-celled and refused engagements on the dates specified for February and March or get new engagements.
Plaintiff’s argument that the Trial Judge did not follow the rule which he laid down in giving defendant’s fourth request, that plaintiff was under a duty to mitigate damages, as stated in Hall v. Paine, 224 Mass. 62, 65 is without merit. The rule was correct and the Judge followed it. There is evidence that plaintiff cancelled or refused engagements on many dates listed in February and-March, and that it was too late to secure any others when the contract was repudiated. There was nothing more, therefore, that he could have done to mitigate damages.
*128 Likewise without merit is the argument that the Trial Judge erred in computing damages. His only error was in allowing plaintiff $10.00 too little. The finding should have been for $733.80. The contract price was $41.40 per night, of which plaintiff was obligated to pay to his musicians $24. leaving himself $17.40 for his own playing and as manager of the orchestra. Had defendant paid the other two members of the orchestra, there would still be due plaintiff compensation at the rate of $17.40 a night. Defendant, however, had not paid them, and plaintiff, being-under legal obligation to do so, their compensation is a proper element of his damage, being the natural and probable consequence of the breach of contract. The trial judge found that plaintiff lost sixteen engagements in February and March, which he could not replace. This result was the natural consequence of defendant’s repudiation of the contract. For this, plaintiff is entitled to compensation. Boylston Housing Corp. v. O’Toole, 321 Mass. 538, 562; Associated Perfumers v. Andelman, 316 Mass. 176, 185; Hall v. Paine, 224 Mass. 62, 65; Cragin v. Jones, 283 Mass. 474, 479; Galvin v. Nutting-Piliman Co., 284 Mass. 314; Snelling v. Dine, 270 Mass. 501, 506; Hawkins v. Jamrog, 277 Mass. 540, 543; Narragansett Amusement Co. v. Riverside Park Amusement Co., 260 Mass. 265, 280, 281.
Plaintiff is entitled to be compensated for what he has lost, and to be put in as good a position financially as though there had been no breach. Restatement of Law of Contracts — Massachusetts Annotations, Sec. 329 and cases cited; G. E. Lothrop Theatres Co. v. Edison Illuminating Co., 290 Mass. 189, 194; F. A. Bartlett Tree Expert Co. v. Hartney, 308 Mass. 407, 412; Eastern Advertising Co. v. Shapiro, 263 Mass. 228, 234. This principle covers personal services. John Hetherington & Sons Ltd. v. William Firth Co., 210 Mass. 8, 21; Mt. Pleasant Stable Co. v. Steinberg, 238 Mass. 567, 570; Druggists Circular v. American Soda Fountain, 240 Mass. 531, 534.
*129 There being no prejudicial error in the denial of defendant’s sixth request, the report is to be dismissed, but the clerical error in the computation of damages is to be corrected by making the amount of damages $733.80 instead of $723.80.